# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN,<br><br>Plaintiff,<br><br>v.<br><br>R. GEAR, et al.,<br><br>Defendants. | 1:16-cv-001017-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE<br><br>(Doc. 1) |

Plaintiff Saladin Rushdan, aka Robert Woods, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on July 5, 2016, is currently before the Court for screening. (Doc. 1). Plaintiff filed a consent to Magistrate Judge jurisdiction. (Doc. 9.)

**Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### **Summary of Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Los Angeles County at Lancaster. The events in the complaint are alleged to have occurred while Plaintiff was housed in Corcoran State Prison. Plaintiff names the following defendants: (1) R. Gear; (2) D.M. Singh; (3) F. Vasquez; (4) M.V. Sexton; and (5) M. Voong. (Doc. 1.) Plaintiff sues the individuals in both their individual and official capacities.

Plaintiff alleges: Plaintiff has been for decades diagnosed and treated for Keloids and complications. Plaintiff filed multiple civil rights lawsuits to get medical care, many of which ended up settling with provision of medical care. There was a violation of the settlement and Plaintiff filed another lawsuit which also settled. He was advised in one of the lawsuits to file a state court suit against the Director of Corrections. Plaintiff filed a state court action and submitted his in forma pauperis form for approval to the Prison Trust Account Office at Corcoran. The Trust Office refused to process his informa pauperis form because plaintiff has

listed his real and legal name and listing his prison commitment name as an a.k.a. Because he could get his form processed, the state court referred to process his lawsuit and rejected it. Defendant Gear is the Trust Office Accounting Officer and is responsible for prisoner accounts. Defendant Gear refused to process the form which caused Plaintiff to lose the state court lawsuit by default. Plaintiff filed a 602 appeal grievance. Defendant Singh is a business manager and agreed and concurred with Gear's discriminatory action on First Level Appeal and failed to assist plaintiff's access to court. Defendant Vasquez is Chief Deputy Warden and reviewed the appeal at the Second Level and concurred with the first level. Defendant Sexton is the Associate Warden and upheld the Amended Second Level Response. Defendant Voong is the Chief Officer of Appeals who refuses to answer Plaintiff's 602 grievance on the Third Level reviews. The 602 appeal has been returned to Corcoran to the Second Level three times.

Plaintiff alleges interference with court access. Since Defendant Gear refused to process his in forma pauperis form, his state court action was rejected. Plaintiff also alleges retaliation stating he was transferred to Los Angeles Prison in March 2016. Plaintiff also claims Religious Discrimination. Plaintiff alleges that he changed his name in 1983 according to American Law, from "Woods" to his real name of Saladin Rushdan. Plaintiff has filed numerous lawsuits under his real name and mail has been sent and received under his real name. Plaintiff alleges he used proper procedure and that to prevent Plaintiff from using his real name is discrimination.

As relief, Plaintiff seeks compensatory damages of $250,000 against each defendant and punitive damages and to terminate all prison officials involved. (Doc. 1).

**Discussion**

**1. Supervisor Liability**

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of

the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff names various individuals as Defendants who hold supervisory level positions. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with his claims. As explained below, liability under §1983 cannot be premised upon processing appeals.

**2. Access to Court**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit.

*Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413–414, overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150, 129 S.Ct. 1036, (2009)).

The complaint does not establish the nature of the state case or demonstrate whether it was "direct criminal appeals, habeas petitions, or civil rights actions," if at all. Instead, the complaint merely makes conclusory statements outlining defendants alleged culpable behavior, namely that defendants failed to authorize documents and returned them to plaintiff. Plaintiff has not alleged the nature of the underlying claim and whether it was non-frivolous. To state such a claim, the plaintiff must describe this "predicate claim...well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). It is not enough for Plaintiff merely to conclude that the claim was non-frivolous. These allegations are not sufficient to state a claim.

### 3. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); see also *Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); accord *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997). Mere speculation that defendants acted out of retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about

plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

Plaintiff is attempting to assert a claim for retaliation in violation of the First Amendment because he was transferred to a different prison. Plaintiff's conclusory statement that he was transferred is insufficient to state a cognizable claim. A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).

### 4. Fourteenth Amendment

Plaintiff alleges religious discrimination because he cannot use his real name on an informa pauperis form to be processed through the Trust Office.

The Equal Protection Clause of the Fourteenth Amendment affords a prisoner "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Shakur v. Schriro*, 514 F.3d 878, 81 (9th Cir. 2008) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, prisons "are not required to provide identical accommodations to inmates of every religious persuasion." *Rouser v. White*, 630 F. Supp.2d 1165, 1200 (E.D. Cal. 2009) (citing *Cruz*, 405 U.S. at 322 n.2). To make an Equal Protection claim, an inmate must show that the prison treated him differently from a similarly situated class, raising an inference of discriminatory purpose. *Shakur*, 514 F.3d at 891; *Rupe v. Cate*, 688 F. Supp. 2d 1035, 1049 (E.D. Cal. 2010). In prison, an inmate's Equal Protection claim only succeeds where the prison's disparate treatment was not "reasonably related to legitimate penological interests." *Shakur*, 514 F.3d at 891; see also *Rupe,* 688 F. Supp. 2d at 1049. Allegations of disparate treatment, however, cannot be merely conclusory; they must have some specificity and factual support. *See Rouser*, 630 F. Supp. 2d at 1200.

Plaintiff has failed to allege any facts showing he was intentionally treated differently from similarly situated inmates or that the denial of his informa pauperis form was not reasonably related to legitimate penological interests. Indeed, Plaintiff has alleged that such

6

forms, with his real name, have been processed through the Trust Office. Accordingly, plaintiff's Fourteenth Amendment claim will be dismissed. The court will, however, grant leave to amend.

### 5. Official Capacity

Here, Plaintiff alleges the individual defendants are sued in their official capacities, for monetary damages.

Plaintiff is advised that "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelel v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). However, "[a] state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' " *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Also, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). Plaintiff does not state a cognizable claim against the individuals in their official capacities.

### 6. Inmate Appeals

Plaintiff complains about the processing and denials of his inmate appeals by Defendants. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, *Iqbal*, 556 U.S. at 677; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

**CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a cognizable claim for relief against any of the named defendants. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint;

3. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **May 26, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE