# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN,<br><br>        Plaintiff,<br><br>    v.<br><br>R. GEAR, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01017-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Saladin Rushdan, also known as Robert Woods, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The original complaint was filed in this action on July 5, 2016. (ECF No. 1.) On July 15, 2016, this action was transferred from the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 4.) On March 1, 2017, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 9.)

On May 26, 2017, a screening order was entered, finding Plaintiff had failed to state a cognizable claim and granting Plaintiff leave to file an amended complaint. (ECF No. 10.) On June 26, 2017, Plaintiff filed a first amended complaint. (ECF No. 11.) This action was then

1

dismissed for failure to state a cognizable claim. (ECF No. 12.) Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit. (ECF No. 14.)

On April 19, 2018, this action was vacated and remanded to this Court. (ECF No. 19.) Specifically, the Ninth Circuit reviewed *de novo* whether the undersigned validly entered judgment on behalf of the district court. The Ninth Circuit found that because Plaintiff's action was dismissed before the named defendants had been served, and "all parties, including unserved defendants, must consent to proceed before the magistrate judge for jurisdiction to vest, Williams v. King, 875 F.3d 500, 503–04 (9th Cir. 2017)," the undersigned's September 25, 2017 order was vacated and remanded for further proceedings. (Id. at 2.) The Ninth Circuit issued its mandate on May 11, 2018. (ECF No. 20.)

Based on the foregoing, Plaintiff's first amended complaint, filed on June 26, 2017, is currently before the Court for screening.

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,

342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### A. Summary of Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Los Angeles County in Lancaster, California. The events in the complaint are alleged to have occurred while Plaintiff was housed in Corcoran State Prison. Plaintiff names the following defendants: (1) R. Gear, Trust Account Officer; (2) D.M. Singh, Business Manager; (3) F. Vasquez, Deputy Warden; (4) M.V. Sexton, Associate Warden; and (5) M. Voong, Chief of Appeals. (ECF No. 11.) Plaintiff sues the individuals in their individual capacities.

In Claim I, Plaintiff alleges interference with court access. Plaintiff has been for decades diagnosed and treated for Keloids and complications. Plaintiff filed multiple civil rights lawsuits to get medical care, many of which ended up settling with provision of medical care. There was a violation of the settlement, and Plaintiff filed another lawsuit. Plaintiff filed a state court action for breach of contract and deliberate indifference and through normal procedures, submitted his *in forma pauperis* form for approval to the Prison Trust Account Office at Corcoran. Defendant Gear is the Trust Office Accounting Officer and is responsible for prisoner accounts. The Trust Officer refused to process Plaintiff's *in forma pauperis* form because Plaintiff listed his "real and legal name" first on the form and listed his prison commitment name as an AKA. On December 3, 2014, the forms were rejected with notes telling Plaintiff that he must list his real name (Rushdan) as an AKA and put his prison commitment name (Woods) as the real name. On December 11, 2014, Plaintiff resubmitted the forms with an Informal Level 22-form, stating that both names are legible along with Plaintiff's prison number. Defendant Gear rejected Plaintiff's *in forma pauperis* application. Refusal to process the *in forma pauperis* form prejudiced

Plaintiff's existing litigation and prevented Plaintiff from meeting the filing deadlines. As a result, Plaintiff's state complaint was rejected. Defendant Gear created a new policy since Plaintiff had never been denied court access before. Because he could not get his form processed, the state court never processed his lawsuit and rejected it.

Plaintiff filed a grievance against Defendant Gear. Defendant Singh is a business manager and agreed and concurred with Gear's discriminatory action on First Level Appeal. Defendant Singh wrongly upheld the new policy and failed to remedy the wrong. Defendant Singh failed to properly supervise his subordinate who committed a wrongful act. Defendant Sexton is the Associate Warden and upheld the Amended Second Level Response. Defendant Vasquez is Chief Deputy Warden and reviewed the appeal at the Second Level and concurred with the first level. Defendant Vasquez upheld the creation and continuance of such a policy and was grossly negligent in supervising the subordinates. Defendant Voong, third level appeals coordinator, refused to process the grievance.

In Claim II, Plaintiff alleges that Defendant Voong refused to process Plaintiff's inmate grievance at the Third Level which unreasonably limited Plaintiff's right of access to the court, making exhaustion impossible. Failure to review his 602 effectively stopped Plaintiff from filing a state law complaint for breach of contract. Defendant Voong is the Chief Officer of Appeals who refused to answer Plaintiff's 602 grievance on the Third Level review. Defendant Voong has refused on more than on occasion to process Plaintiff's 602 grievances and failed to properly respond to the grievance. Plaintiff was delayed unreasonably from advancing his breach of contract state court action and had intended to file a federal civil case. Defendant Voong acted with gross negligence in supervising the subordinates.

In Claim III, Plaintiff alleges religious discrimination. Plaintiff is an African American Muslim. A sincere aspect of this faith is to alter one's name to reflect the faith. Plaintiff's former name of "Woods" does not conform to his faith. Plaintiff alleges that he changed his name in 1983 according to American Law, from "Woods" to his real name of Saladin Rushdan. There is no legitimate penological purpose for Plaintiff to list his legal name as an AKA. Both of Plaintiff's names were written on the *in forma pauperis* form along with his prison number to

clearly identify Plaintiff. Defendant Gear displayed personal bigotry and racism because Plaintiff did not submit anything unreasonable. Plaintiff's free exercise has been threatened by requiring his prison name.

Plaintiff seeks compensatory damages of $250,000 against each defendant and punitive damages and to terminate all prison officials involved. (ECF No. 11).

### B. Discussion

#### 1. Supervisory Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff names various individuals as defendants who hold supervisory level positions for processing appeals: D.M. Singh, Business Manager; F. Vasquez, Deputy Warden; M.V. Sexton, Associate Warden; and M. Voong, Chief of Appeals.

Plaintiff was previously advised that a constitutional violation cannot be premised solely on the theory of *respondeat superior*, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with his claims. Plaintiff attempts to do so by alleging that each supervisor upheld Defendant Gear's denial of the *in forma pauperis* form, created a policy, and were grossly negligent by failing to remedy Defendant Gear's denial of the *in forma pauperis* form. Nonetheless, Plaintiff seeks liability against these supervisors for actions in the course of reviewing the grievance and related appeal. As explained below, liability under § 1983 cannot be premised upon processing appeals. And, as explained more fully below, there is no constitutional violation and therefore the supervisors cannot be liable.

**2.      Access to Court**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dept. of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher, 536 U.S. at 412–15.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). Plaintiff must allege that he was hindered in his efforts to attack his sentence, either directly or collaterally, or to challenge the conditions of his confinement. Id. at 354–55. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355 (emphasis in original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413−414, overruled on other grounds, Hust v. Phillips, 555 U.S. 1150 (2009)). To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in

accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417–18 (footnote omitted).

Plaintiff alleges that the underlying claim he was seeking to bring was one for breach of contract for failure to perform on a settlement agreement from a prior litigation. The nature of this underlying claim, breach of contract, is not one within the protections afforded constitutional protection. Lewis, 518 U.S. at 354–55. Plaintiff alleges the breach of contract case was to enforce a settlement agreement from a prior law suit; it was not for a direct criminal appeals, habeas petitions, or civil rights action.[1] Therefore, this type of lawsuit is not within legal claims constitutionally protected.

Even so, Plaintiff has not alleged whether the underlying claim was non-frivolous. To state such a claim, the plaintiff must describe this "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher, 536 U.S. at 416. It is not enough for Plaintiff merely to conclude that the claim was non-frivolous. These allegations are not sufficient to state a claim. Plaintiff was previously advised of the standards for pleading a claim for denial of access to the courts and despite being provided guidance from the Court has been unable to amend the pleadings to state a cognizable claim. Therefore, further leave to amend is not warranted.

### 3. Fourteenth Amendment

Plaintiff alleges religious discrimination because he cannot use his real name on an *in forma pauperis* form to be processed through the Trust Office.

The Equal Protection Clause of the Fourteenth Amendment affords a prisoner "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Shakur v. Schriro, 514 F.3d 878, 891

---

[1] Plaintiff also states that the underlying breach of contract action alleged deliberate indifference. Throughout the amended complaint, however, Plaintiff's allegations of the underlying action refer to a state law action for Breach of Contract for California Department of Corrections and Rehabilitation's failure to perform on a settlement. (ECF No. 11, p. 14 "Plaintiff attempted to File a Breach of Contract unlimited state Civil case . . ."); p. 17 ("effectively stopped Plaintiff from filing a state Unlimited Suit for Breach of Contract in Sacramento Superior Court.") Plaintiff was advised of the standards for an access to courts claim and that he had to allege facts of the underlying claim and not conclusory allegations, and has failed to allege facts to support such a claim.

(9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 322 (1972)).  However, prisons "are not required to provide identical accommodations to inmates of every religious persuasion." Rouser v. White, 630 F. Supp.2d 1165, 1200 (E.D. Cal. 2009) (citing Cruz, 405 U.S. at 322 n.2).  To make an Equal Protection claim, an inmate must show that the prison treated him differently from a similarly situated class, raising an inference of discriminatory purpose.  Shakur, 514 F.3d at 891; Rupe v. Cate, 688 F. Supp. 2d 1035, 1049 (E.D. Cal. 2010).  In prison, an inmate's Equal Protection claim only succeeds where the prison's disparate treatment was not "reasonably related to legitimate penological interests."  Shakur, 514 F.3d at 891; see also Rupe, 688 F. Supp. 2d at 1049.  Allegations of disparate treatment, however, cannot be merely conclusory; they must have some specificity and factual support.  See Rouser, 630 F. Supp. 2d at 1200.

Plaintiff has failed to allege any facts showing he was intentionally treated differently from similarly situated inmates or that the denial of his *in forma pauperis* form was not reasonably related to legitimate penological interests.  Indeed, Plaintiff has alleged that such forms, with his real name, have been processed through the Trust Office.  Accordingly, the undersigned will recommend dismissal of Plaintiff's Fourteenth Amendment claim.

### 4. Free Exercise of Religion

Plaintiff alleges a constitutional violation occurred because he was required to use his commitment name first on the form, followed by his religious (real) name.  Plaintiff contends he should be able to put his religious name first on the form, followed by his commitment name.

To the extent Plaintiff is alleging interference with free exercise of religion, Plaintiff fails to state a claim.  The second religion clause—the Free Exercise Clause—"requires government respect for, and noninterference with, [ ] religious beliefs and practices . . . ." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005).  To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "rationally related to legitimate penological interests."  See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348–50 (1987); Jones v. Williams, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015) (citation omitted); Shakur, 514 F.3d at 884-85 (citations omitted).  "[G]overnment

action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego [his or] her sincerely held religious beliefs or to engage in conduct that violates those beliefs." Jones, 791 F.3d at 1031–33 (a "substantial burden" must be "more than an inconvenience on religious exercise") (citations omitted).

Plaintiff cannot allege any facts that officials acted in an unreasonable manner in burdening his religious practice, because "allowing an inmate to use both his religious and committed names 'is a reasonable middle ground between absolute recognition of the plaintiff's [religious name] and the prison interests of order, security, and administrative efficiency.'" See Malik v. Brown, 16 F.3d 330, 334 (9th Cir. 1994); accord Furnace v. Gipson, No. 1:14-CV-00814-LJO, 2015 WL 269230, at *4 (E.D. Cal. Jan. 21, 2015) (Plaintiff, however, is mistaken that he has a "clearly established right" under Ninth Circuit law "to use his religious name and booking number H–33245," without his committed name). Plaintiff does not allege how the practice of his religion has been burdened by the requirement that he use his commitment name and his religious name, in a specific sequence, in prison communications. Nor is it possible he could make any such cognizable claim. Prison officials are allowed to require the use of a commitment name on mail correspondence. Malik, 16 F.3d at 334. As prison officials are permitted to require the use of Plaintiff's commitment name, requiring Plaintiff to use his commitment name and his religious name, in a particular sequence on a form, is not a constitutional violation. Plaintiff cannot allege a constitutional violation because use of his commitment name along with this religious name is a reasonable burden on his religion.

### 5. Inmate Appeals

Plaintiff complains about the processing and denials of his inmate appeals by Defendants. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation

9

omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

Plaintiff alleges that Defendant Voong refused to process Plaintiff's inmate grievance at the Third Level. Plaintiff alleges Defendant Sexton is the Associate Warden and Defendant Singh is the business manager, who both upheld the Amended Second Level Response. A prison official's denial of a grievance does not itself violate the constitution. Vasquez is Chief Deputy Warden and reviewed the appeal at the Second Level and concurred with the first level. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, No. 1:05-cv-001485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Denial or refusal to process a prison grievance is not a constitutional violation. Accordingly, Plaintiff cannot state a claim against Defendants Singh, Vasquez, Sexton or Voong for their decisions related to the prison grievance. Further, because Defendant Gear's action was not a constitutional violation, any conduct by Singh, Vasquez, Sexton or Voong upholding Gear's action is not a constitutional violation. The amended complaint is predicated solely upon such Defendants' alleged improper handling of Plaintiff's inmate grievances and/or appeals—which is insufficient to state a viable Section 1983 claim—leave to amend should be denied.

///

### III. Conclusion and Recommendation

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint fails to correct the identified deficiencies. In his first amended complaint, Plaintiff bases liability on conduct of Defendant Gear which does not violate the Constitution. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 15, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE